UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00315-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| RASHAD SHAREEF BECKETT | ) |

**THIS MATTER** is before the Court upon a motion of the defendant for early termination of his supervised release, (Doc. No. 2), and the government's response in opposition, (Doc. No. 6).

Title 18, United States Code, Section 3583(e)(1) allows a court to terminate a term of supervised release after one year where warranted by the conduct of the defendant and the interest of justice. The defendant was convicted in the Eastern District of North Carolina of possession with intent to distribute more than 28 grams of cocaine base and 500 grams of cocaine for which he was ultimately sentenced to 74 months' imprisonment and 4 years' supervised release. (Doc. No. 1-2: Amended Judgment; 1-3 Order Reducing Sentence). He was released from custody in January 2018, and his supervision was transferred to this District. (Doc. No. 1: Transfer of Jurisdiction).

The defendant notes that that he is in full compliance with all the terms of supervision and has achieved stable community integration. (Doc. No. 2: Motion at 2). He asserts that he could work more if freely allowed to travel out of state. (Id.).

The government counters that compliance on supervision is expected and the desire to work more does not justify early termination, especially in light of the seriousness of the underlying offense and of the defendant's criminal history. (Doc. No. 6: Response at 3-4).

Indeed, the defendant's interest in out-of-state work could be accommodated by a modification of his conditions. His criminal history shows a pattern of committing new crimes while on supervision for prior ones. (Presentence Report ¶¶ 12-17). In fact, he was on probation for two state offenses while committing the instant federal drug trafficking offense. (Id. ¶ 20). His prior convictions for Assault with a Deadly Weapon Inflicting Serious Injury and Possession with Intent to Sell and Deliver Cocaine demonstrate the risk the defendant poses to the safety of the community. Accordingly, the Court finds that termination of supervised release is not in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the motion, (Doc. No. 2), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: February 7, 2020

Robert J. Conrad, Jr.
United States District Judge